[COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| YADEGAR, MINOOFAR & SOLEYMANI LLP, a limited liability partnership, on its own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AXIS INSURANCE COMPANY, an Illinois corporation and AFFINITY INSURANCE SERVICES, INC., dba AON Affinity Insurance Services, Inc., a Pennsylvania Corporation and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:17-cv-05830 PSG (ASx)<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>Judge: Hon. Alka Sagar |

Plaintiff Yadegar, Minoofar & Soleymani LLP ("Plaintiff") and Defendant Affinity Insurance Services, Inc. ("Defendant"), through their undersigned counsel of record, stipulate to the following Protective Order:

1. <u>PURPOSES AND LIMITATIONS & GOOD CAUSE STATEMENT</u>

Discovery in this action is likely to involve production of confidential, proprietary, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting Plaintiff's claims may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order") .

More specifically, this action is likely to involve confidential and proprietary materials and information for which special protection from public disclosure and from use for any purpose other than prosecution of Plaintiff's claims is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good

faith belief that the information is entitled to confidential treatment under applicable legal principles.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that (1) this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal, and (2) any use of Protected Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge.

2. <u>DEFINITIONS</u>

    2.1    <u>Action</u>: the action listed in the above caption.

    2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    <u>"CONFIDENTIAL" Information or Items</u>: any Producing Party (as defined below) may, subject to the provisions of this Order, designate as "CONFIDENTIAL" any Discovery Material that the Producing Party reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information, or other information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). In addition, the following categories of information will be designated and treated as "CONFIDENTIAL" in this Action:

    (a) information about current, past, or prospective employees that is of a confidential or private nature;

    (b) personal and financial information about current, past, or prospective customers that is of a confidential or private nature; and

(c) names, email addresses, telephone numbers, fax numbers, and other contact information of unnamed putative class members obtained by the Receiving Party in Disclosure or Discovery Material.

2.4 <u>Counsel</u>: Outside Counsel of Record in this Action and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained, including, among other things, testimony, transcripts, depositions and deposition exhibits, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party (as well as their support staff).

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material consisting of "CONFIDENTIAL" Information or Items.

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protective Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the provisions of this Order that restrict disclosure and use of Protected Information shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

The Parties agree to be bound by the terms of this Stipulated Protective Order pending its entry by the Court.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party notify all Counsel of those portions which are to be stamped with the legend "CONFIDENTIAL" or otherwise treated as such either by statement on the record of the deposition, hearing, or other proceeding, or in writing at any time up to thirty (30) calendar days after the transcript is made available to the Designating Party. Prior to the expiration of that 30-day period (or until a designation is made, if such designation is made in a shorter period of time), all such Discovery Material shall be treated as Protected Material.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

-7-
[PROPOSED] STIPULATED PROTECTIVE ORDER

1 Order. To the extent such information may have been disclosed by the Receiving
2 Party to anyone not authorized to receive Protected Material pursuant to this Order,
3 the Receiving Party shall make commercially reasonable efforts to retrieve the
4 information promptly and to avoid any further disclosure.

5 6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6       6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a
7 designation of confidentiality at any time. Unless a prompt challenge to a
8 Designating Party's confidentiality designation is necessary to avoid foreseeable,
9 substantial unfairness, unnecessary economic burdens, or a significant disruption or
10 delay of the litigation, a Party does not waive its right to challenge a confidentiality
11 designation by electing not to mount a challenge promptly after the original
12 designation is disclosed.

13       6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute
14 resolution process under Local Rule 37-1 by notifying the Designating Party in
15 writing of its challenge, identifying the challenged material by production number,
16 and describing the basis for each challenge. To avoid ambiguity as to whether a
17 challenge has been made, the written notice must recite that the challenge to
18 confidentiality is being made in accordance with this specific paragraph of the
19 Protective Order. The parties shall attempt to resolve each challenge in good faith
20 and must begin the process by conferring directly (in voice to voice dialogue; other
21 forms of communication are not sufficient) within 14 days of the date of service of
22 notice. In conferring, the Challenging Party must explain the basis for its belief that
23 the confidentiality designation was not proper and must give the Designating Party
24 an opportunity to review the designated material, to reconsider the circumstances,
25 and, if no change in designation is offered, to explain the basis for the chosen
26 designation. A Challenging Party may proceed to the next stage of the challenge
27 process only if it has engaged in this meet and confer process first or establishes that
28

the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

  6.3 <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may seek relief from the Court.  The Parties will formulate a joint stipulation in accordance with Local Rule 37-2.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

  7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle Plaintiff's individual claims or for litigating Plaintiff's motion for class certification in this Action.  Protected Material may not be used for any other purpose, including in connection with any other litigation or anticipated litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When Plaintiff's claims in the Action have been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

  7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), <u>provided</u> that Plaintiff's Outside Counsel of Record may not disclose directly to Plaintiff, either orally or in writing, the names, email addresses, telephone numbers, fax numbers, or any other contact information of unnamed putative class members obtained in Protected Material;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary provided that they will not be permitted to keep any Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound"

(Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) any other person agreed to by the Designating Party in writing; and

(j) any other person to whom the Court compels disclosure of the Protected Material or to whom disclosure is required by law.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking

protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(d) The Parties agree that the provisions of sections 9(b) and 9(c) above are in addition to, and are not intended to supersede, whatever other confidentiality protections may be afforded under state or federal law to a Non-Party's confidential information in the possession of a Party.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The inadvertent production of any Discovery Material in this Action shall be without prejudice to any claim that such material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Material"), and no Producing Party shall have waived any claims or arguments under the inadvertent production doctrine provided that the requirements of Fed. R. Evid. 502(b), subsections (1), (2), and (3) are met. If a Producing Party believes that Privileged Material was inadvertently produced, the Producing Party may notify the Receiving Party of the claim and the basis for the material being privileged or protected. After receipt of such notice, the Receiving Party shall (i) promptly return, sequester, or destroy the original and any copies of the Privileged Material in its possession, custody, or control; (ii) not use or disclose the Privileged Material until the claim is resolved; and (iii) take commercially reasonable steps to retrieve the Privileged Material if the Receiving Party disclosed it before receiving the notice of inadvertent production described in this Section. Nothing in this Order shall be construed as preventing any Party from objecting to the designation of any Discovery Material as privileged or protected, or from preventing any party from seeking further protection for any material it produces in discovery. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

12.  MISCELLANOUS

    12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3     Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4     A Designating or Producing Party's Use of Its Own Documents.  Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Protected Material.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 15, 2018

MUNGER, TOLLES & OLSON LLP
MARK B. HELM
JENNIFER L. BRYANT

By: */s/ Jennifer L. Bryant*
JENNIFER L. BRYANT

MARK B. HELM (SBN 115711)
mark.helm@mto.com
JENNIFER L. BRYANT (SBN 293371)
jennifer.bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant
AFFINITY INSURANCE SERVICES, INC.

| | | |
|---|---|---|
| DATED: February 15, 2018 | | BRADLEY GROMBACHER LLP<br>MARCUS J. BRADLEY<br>KILEY L. GROMBACHER |
| | By: | ___/s/ Kiley L. Grombacher___<br>KILEY L. GROMBACHER |

BRADLEY/GROMBACHER, LLP
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

NIKNIA LAW FIRM
Bahram Niknia, Esq. (SBN 256181)
1875 Century Park E
Suite 1240
Los Angeles, CA 90067
Telephone: (310) 601-8025
Facsimile: (310) 909-7179

Attorneys for Plaintiff YADEGAR, MINOOFAR & SOLEYMANI LLP

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that the other signatories on whose behalf this filings is submitted concur in the filing's contents and have authorized the filing.

DATED: February 15, 2018

___/s/ Jennifer L. Bryant___
Jennifer L. Bryant

PURSUANT TO STIPULATION, AND FOR GOOD CAUSE SHOWN,

IT IS SO ORDERED.

DATED: February 16, 2018        _____/ s / Alka Sagar_____
Hon. Alka Sagar
United States Magistrate Judge

-17-
[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Yadegar, Minoofar & Soleymani LLP v. AXIS Insurance Company, et al.*, Case No. 2:17-CV-05830 PSG (ASx). I agree to comply with and to be bound by all the terms and restrictions of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order, and that I will not use any Protected Material disclosed to me except in accordance with the terms of the Stipulated Protective Order. I agree that any use of Protected Material shall be only such as is necessary in connection with the prosecution, defense, or settlement of Plaintiff's claims or litigating Plaintiff's motion for class certification.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print of type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____